UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
DAVID WENGER,

                Plaintiff,

                                              <u>MEMORANDUM & ORDER</u>
      -against-                    14-CV-4366(JS)(GRB)

UNITED STATES POSTAL SERVICE,

                Defendant.
--------------------------------X
APPEARANCES
For Plaintiff:        Gregory A. Tsonis, Esq.
                       Joseph J. Cooke, Esq.
                       1000 Woodbury Road, Ste. 402
                       Woodbury, NY 11797

For Defendant:        James Halleron Knapp, Esq.
                       United States Attorney's Office
                       Eastern District of New York
                       610 Federal Plaza
                       Central Islip, NY 11722

                       Janine Castorina, Esq.
                       United States Postal Service
                       475 L'Enfant Plaza, SW
                       Washington, DC 20260

SEYBERT, District Judge:

        Plaintiff David Wenger ("Plaintiff") commenced this action on July 17, 2014 against defendant the United States Postal Service ("Defendant"), seeking an order directing Defendant to turnover rent and related monies payable to Woodglen Realty LLC ("Woodglen Realty") and L.A. Wenger Contracting Co., Inc. ("L.A. Wenger") pursuant to an outstanding judgment issued by the New York State Supreme Court, Suffolk County. (Compl., Docket Entry 1.) Defendant moves to dismiss

the Complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Def.'s Mot., Docket Entry 8.) For the following reasons, Defendant's motion is GRANTED.

BACKGROUND

This case amounts to an effort to enforce a state-court judgment entered in Plaintiff's favor. On or about August 18, 2008, Plaintiff commenced an action in the New York State Supreme Court, Suffolk County, against L.A. Wenger and Louis Wenger. (Compl. ¶ 5.) Thereafter, on or about January 9, 2009, Plaintiff commenced a second action in the same court against, among others, Woodglen Realty LLC. (Compl. ¶ 6.) Those cases were consolidated and tried before Justice Emily Pines. (Compl. ¶ 7.) Following trial, a judgment dated October 24, 2011 was entered in favor of Plaintiff on virtually all issues. (Compl. ¶ 8.). On March 4, 2014, the Appellate Division, Second Department entered an amended judgment in favor of Plaintiff in the amount of $343,490.88 (the "State Court Judgment"). (Compl. Ex. A.)

Woodglen Realty and L.A. Wenger are two of the entities against which the State Court Judgment was entered, (Compl. Ex. A), and both lease real estate to Defendant, (Compl. ¶ 11). Woodglen leases a building located at 217 Woodbury Road, Woodbury, NY to Defendant. (Compl. ¶ 11.) Defendant pays

monthly rent of $11,916.67 for the Woodbury property and $4,833.33 in monthly rent for the Arcade Property. (Compl. ¶¶ 12-13.) Defendant pays the real estate taxes associated with those properties. (Compl. ¶ 14.)

On April 2, 2014, Plaintiff served Defendant with a "Restraining Notice and Information Subpoena," purportedly pursuant to N.Y. C.P.L.R § 5222. (Compl. ¶ 16.) On April 25, 2014, Defendant responded to the questions posed by Plaintiff's subpoena, (Compl. Ex. D), but apparently refused to comply with the restraining notice, (see Def.'s Br., Docket Entry 8-1, at 2). Plaintiff now requests that the Court issue an order directing Defendant to turnover over all proceeds payable to Woodbury Realty and L.A. Wegner under the aforementioned lease agreements. (Compl. ¶ 19.)

DISCUSSION

I. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings. See Morrison v. Nat'l Austl. Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008). Though the Court

3

must accept the factual allegations contained in the Amended Complaint as true, it will not draw argumentative inferences in favor of Plaintiffs; subject matter jurisdiction must be shown affirmatively. See id.; Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

28 U.S.C. § 1963 provides a mechanism by which a district court an enforce the judgments of another court. It provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963. Where the judgment is not registered, the district court lacks subject matter jurisdiction over an enforcement proceeding. See, e.g., Weininger v. Castro, 462 F.

4

Supp. 2d 457, 490 (S.D.N.Y. 2006) ("Upon registration of the judgment, this Court obtained subject matter jurisdiction over the enforcement proceeding through ancillary jurisdiction to enforce a judgment.") (emphasis added); Rubin v. Islamic Rep. of Iran, 456 F. Supp. 2d 228, 230-31 (D. Mass. 2006) ("This Court acquired jurisdiction over the present controversy when the plaintiffs registered here the judgment they had obtained against Iran." (emphasis added); CSX Transp., Inc. v. Filco Carting Corp., 10-CV-1055, 2011 WL 2713487, at *2 (E.D.N.Y. July 11, 2011) ("If the party seeking to enforce a registered judgment against a third party can establish federal jurisdiction, 28 U.S.C. § 1963 provides that the judgment so registered shall have the same effect as a judgment of the district court.") (emphases added (internal quotation marks and citation omitted)). Logically, moreover, where there court lacks jurisdiction to enforce a judgment, it likewise lacks jurisdiction to attach or garnish property pursuant to that judgment. See Lipton v. Schmertz, 68 F.R.D. 249, 250 (S.D.N.Y. 1974).

II. Application

Plaintiff does not allege that he satisfied the registration requirements of 28 U.S.C. § 1963. Nor could he. Section 1963 does not allow for the registration of state court judgments, and nothing in section 1963 provides a United States

district court with the jurisdiction to enforce a state court judgment. See, e.g., Fox Painting Co. v. N.L.R.B., 16 F.3d 115, 117 (6th Cir. 1994) ("[N]othing in the language of section 1963 grants authority to a district court to register judgments of any courts other than [those listed]. The language is unambiguous."); Euro-Am. Coal Trading, Inc. v. James Taylor Mining, Inc., 431 F. Supp. 2d 705, 708 (E.D. Ky. 2006); Orne v. Shinn, No. 02-CV-0336, 2002 WL 1729651, at *1 (D.N.H. July 26, 2002).

Accordingly, because Plaintiff requests that this Court issue an order enforcing an unregistered, state-court judgment, this Court lacks subject matter jurisdiction over Plaintiff's action.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket Entry 8) is GRANTED, and Plaintiff's claim is DISMISSED. The Clerk of this Court is directed to enter Judgment in accordance with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __18__, 2015
Central Islip, New York

6